# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KOREA TRADE INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 15-84E |
| v. | ) ) | Judge Cathy Bissoon |
| RAINEATER, LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER AND JUDGMENT

### I. ORDER

Defendant's Motion for Summary Judgment (Doc. 27) will be denied, and Plaintiff's Motion for Summary Judgment (Doc. 39) will be granted.

Defendant claims that Plaintiff lacks standing to sue because it failed to acquire a certificate to do business in the Commonwealth, pursuant to 15 Pa. Cons. Stat. § 411(a).[1] As Plaintiff notes, however, foreign insurance corporations are exempted from the certification requirement. *See id.*, § 411(g). Plaintiff asserts, and Defendant has failed to contest, that Plaintiff qualifies as a foreign insurance corporation. *See* Doc. 40-1 at ¶ 1.

Furthermore, Pennsylvania's statutory scheme identifies activities that "do not constitute doing business in [the] Commonwealth," including debt-collection and "[d]oing business in interstate or foreign commerce." *See* 15 Pa. Cons. Stat. §§ 403(a)(8) & (a)(11). These are the activities identified in the Complaint, and Defendant offers no evidence or argument to the

---

[1] Formerly codified at 15 Pa. Cons. Stat. § 4141. The Court will refer to the relevant statutes under their current formulation.

contrary.  Defendant has not demonstrated its entitlement to summary judgment, and its Motion (**Doc. 27**), therefore, is **DENIED**.

Turning to Plaintiff's Motion, its counsel has put forth uncontested evidence that in 2011, pursuant to the underlying parties' sales agreements, Defendant took delivery of approximately 60,000 sets of wiper blades and never paid for them.  *See* Pl.'s Br. (Doc. 40) at 8-9 (citing record evidence).  Defendant acknowledged and ratified its payment obligation, through the entry of an "Agreement for Postponing [Payment] Due Date."  *See* Doc. 40-7.  Defendant agreed to pay an outstanding balance of $118,304.40, along with interest accruing at 19% per annum, accruing from the date of the postponement-agreement, October 26, 2011.  *See id.*

Although Defendant later suggested that it was absolved, partially or in whole, because some of the wiper blades were non-conforming, this position appears facially inconsistent with Defendant's entry into the postpone agreement, along with its subsequent acknowledgements of the debt.  *See* Pl.'s Br. at 13-14.  In any event, Plaintiff has introduced evidence, unrefuted by Defendant, that Defendant never provided notice of nonconformity to the seller (Plaintiff's assignor).  *See id.* at 12-13.

In sum, Defendant has offered little more than excuse and delay in connection with its clear obligation to make payment.  After raising multiple technicality-driven arguments and defenses, it offers no substantive resistance to Plaintiff's Motion for Summary Judgment.  *See* Dkt. in this case (revealing no response in opposition by Defendant).  It appears that Defendant's strategy here was to "run out the clock," and that finally has happened.  Plaintiff's Motion (**Doc. 39**) is well taken, and it is **GRANTED**.

The proper measure of damages is established in Plaintiff's briefing and accompanying evidentiary materials.  Plaintiff has put forth alternative, if marginally different, damages

calculations. *See* Pl.'s Br. at 11-12, 16. The Court will adopt Plaintiff's most straightforward model -- the one based on Defendant's breach of the postponement-agreement.[2] Thus, the Court hereby enters the following:

## II. **JUDGMENT**

Consistent with the Order above, Judgement is entered, in favor of Plaintiff and against Defendant, in the amount of $118,307.40, plus interest accruing at the rate of 19% per annum, from October 26, 2011 until the date of entry of this Order and Judgment. A separate order under Rule 58 of the Federal Rules of Civil Procedure will follow.

IT IS SO ORDERED.


June 20, 2016					s\Cathy Bissoon
						Cathy Bissoon
						United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] In addition to the alternative damages calculations, the Court also declines to reach Plaintiff's request for summary judgment on its claim for account-stated. *See* Pl.'s Br. at 14-15. The statement of account claim is, as a practical matter, duplicative of its request for judgment based on Defendant's breaches of the sales and postponement agreements.